IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EBONY COLLINS, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | Jury Trial Demanded |
| GC SERVICES, LP, | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, Ebony Collins ("Plaintiff"), is a natural person residing in Harris County.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant, GC Services, LP ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. In connection with collection of an alleged debt in default, Defendant called Plaintiff's place of employment on or about October 1, 2010, and at such time, Defendant threatened to begin garnishing Plaintiff's paycheck and assess Plaintiff $25,000.00 in fees unless Plaintiff agreed to pay Defendant $900.00 per month.

14. Defendant further told Plaintiff that Defendant already spoke with Plaintiff's employer regarding the threatened garnishment.

15. Plaintiff asked Defendant to call her back that evening to discuss the payment plan further.

16. That evening, Defendant called Plaintiff, and at such time, Plaintiff explained to Defendant that Plaintiff only earns $1,000.00 per month and was unable to afford a $900.00 per month payment plan.

17. Defendant told Plaintiff that it would only accept $900.00 per month and would assess $25,000.00 in fees and begin garnishing Plaintiff's paycheck the next day unless Plaintiff agreed to said monthly payment.

18. Reluctantly, Plaintiff agreed to the payment plan.

19. Upon information and good-faith belief, Defendant never sent Plaintiff any written communication regarding the payment arrangement entered into between Plaintiff and Defendant.

20. Defendant began automatically withdrawing $900.00 per month from Plaintiff's bank account on October 30, 2011.

21. Defendant never sent Plaintiff notice in writing of Defendant's intent to automatically withdraw funds from Plaintiff's bank account.

22. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's above violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I--FDCPA

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Defendant's aforementioned conduct violated the FDCPA as follows:

   a. Falsely representing the character, amount, or legal status of Plaintiff's debt. (15 U.S.C. § 1692e(2)(A));

   b. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff. (15 U.S.C. § 1692e(10)); and,

   c. Failing to notify Plaintiff in writing not more than ten nor less than three days before depositing a post-dated check that was post-dated by more than 5 days (15 U.S.C. § 1692f(2)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II--TDCPA

25. Plaintiff repeats and re-alleges each and every allegation above.

26. Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

   a. Misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding. (Tex. Fin. Code § 392.304(a)(8));

   b. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer. (Tex. Fin. Code § 392.304(a)(19)).

   c. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the TDCPA;

   b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

    c) Awarding Plaintiff actual damages pursuant to the TDCPA;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—DTPA

27. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

28. A violation of the Texas Debt Collection Practices Act is a is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act.  Tex. Fin. Code. Ann. § 392.404(a)

29. Defendant violated Tex. Bus. Com. Code  § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

    b) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Southern District Bar No. 1045205
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002
(888) 595-9111 ext. 412
(866) 565-1327 (fax)

## **CERTIFICATE OF SERVICE**

I certify that on September 30, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court.

                                                /s/ Dennis R. Kurz
                                                Dennis R. Kurz